**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **MEDICAL BUYERS GROUP LLC d/b/a INTEGRITY,** *Plaintiff,* **v.** **CANDICE PENCE,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 3:25-cv-00105-TES** |

**AMENDED ORDER TO SHOW CAUSE**

First – a little accountability from the Court.

The Court issued an Order to Show Cause on October 31, 2025, regarding some allegedly hallucinated AI cites and improper citations. [Doc. 42]. After the Court issued its order, Plaintiff Medical Buyers Group LLC d/b/a Integrity's ("Integrity") counsel sent the Court and parties an email clarifying some things regarding his perception of the Court's reading of the record. Specifically, he named the Court's reading of Integrity's responses to the Defendants' separate motions to dismiss. *See, e.g.*, [Doc. 42, p. 1].

As Integrity's counsel correctly pointed out, the Court misread the record and simply got it wrong when it treated Integrity's amended response as Integrity's only operative response on the record. In reality, Integrity filed two responses—one for each

of the Defendants' motions to dismiss. [Doc. 34]; [Doc. 36]. Integrity then filed an amended response, which superseded only one of its responses, not both—unlike what the Court said in its previous order. [Doc. 37]. Therefore, docket entries 34 and 37 are both operative pleadings.

To be clear, the Court's error was through no fault of Integrity. *See* [Doc. 34, p. 1]; [Doc. 37, p. 1]. The Court simply misread the record, and, as a result, wrongly attributed fault to counsel for Defendant Candice Pence for citing to what, in fact, was an operative pleading, and to Integrity's counsel for actually correcting typographical errors in its amended response. "When that happens, a Court is at its best when it acknowledges its mistake, owns it without offering excuses, and then fixes it. And, while this process may be deservedly humbling, it is simply the right thing to do." *Hudson Specialty Ins. Co. v. Snappy Slappy LLC*, 5:18-CV-00104-TES, 2019 WL 1938801, at *1 (M.D. Ga. May 1, 2019). Since the Court made a public error that could potentially (and unfairly) reflect negatively on Integrity and its counsel and Candice Pence and her counsel, the Court needs to publicly correct that error. The Court offers Integrity and its counsel and Candice Pence and her counsel its apologies and acknowledges its error. Accordingly, the Court **VACATES** its previous order [Doc. 42] and, to correct its previous errors, now **AMENDS** its prior Order to Show Cause.

This case is before the Court on motions to dismiss by Defendants Candice Pence, P4 Biologix, LLC ("P4 Biologix"), and Lisa Pence [Doc. 30]; [Doc. 31], responses

2

by Integrity [Doc. 34]; [Doc. 37] and replies by the Defendants. [Doc. 40]; [Doc. 41]. In these filings, the parties argue over everything from personal jurisdiction to the merits of the elements of Integrity's case. *See, e.g.,* [Doc. 30, p. 1]; [Doc. 31, p. 1]; [Doc. 37, p. 2]. In addition to legal arguments, Defendants also accuse their opposing counsel of using fabricated citations in its responses to Defendants' motions to dismiss. [Doc. 41, p. 4]; [Doc. 40, p. 8]. Furthermore, Defendants P4 Biologix and Lisa Pence allege that Integrity misrepresented the holding of *Encompass Off. Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938 (E.D. Tex. 2011). [Doc. 40, pp. 8–9]; [Doc. 37, p. 15]. Serious accusations to be sure.

In light of the seriousness of the accusations, the Court has conducted independent searches for each allegedly fabricated citation, to no avail.[1] The Court has also read *Encompass*, 775 F. Supp. 2d 938, and finds Defendants' allegations credible. Defendants have asked the Court to impose sanctions on Integrity's counsel under Rule 11 of the Federal Rules of Civil Procedure. [Doc. 40, p. 2]; [Doc. 41, p. 4 n.3]; Fed. R. Civ. P. 11. Rule 11 reads, in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . .

---

[1] Those citations are, to be specific: "Truist Bank v. Buerge, 2022 WL 17541757, at *6 (M.D. Ga. Dec. 8, 2022)" [Doc. 40, p. 8], [Doc. 37, p. 16]; "Mission Critical Sols., LLC v. Connolly, 2021 WL 5985016 (M.D. Ga. Dec. 16, 2021)" [Doc. 41, p. 4], [Doc. 34, p. 5]; "Bliss, 279 Ga. App. At 807" [Doc. 40, p. 9], [Doc. 36, p. 19].

3

(2) the claims, defenses, and other legal contentions are warranted by *existing law* or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . .

Fed. R. Civ. P. 11(b)(2) (emphasis added).

"The issue of 'hallucinated cases created by generative artificial intelligence (AI) tools such as ChatGPT and Google Bard' has been 'widely discussed by courts grappling with fictitious legal citations and reported by national news outlets.'" *Boston, et al. v. Williams, et al.*, No. 1:23-cv-00752, (N.D. Ga. Sept. 8, 2025), Dkt. No. 62 (quoting *United States v. Hayes*, 763 F. Supp. 3d 1054, 1065 (E.D. Cal. 2025)) (alterations accepted). To be clear, "[t]here is nothing fundamentally improper in the use of AI tools to draft a brief. Rather, it is counsel's abdication of [his] responsibility to ensure that the signed brief [he] provided to the Court was accurate that is the basis for possible imposition of Rule 11 sanctions[.]" *Boston*, No. 1:23-cv-00752, Dkt. No. 62. "Put bluntly[,] . . . citing nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court." *United States v. McGee*, No. 1:24-cr-112-TFM, 2025 WL 2888065, at *6 (S.D. Ala. Oct. 10, 2025) (internal citations omitted).

Accordingly, counsel for Integrity is **ORDERED** to show good cause, if there be any, why he should not be sanctioned under Federal Rule of Civil Procedure 11, the court's inherent authority, Local Rule 83.2.1(B), and/or Georgia Rule of Professional Conduct 3.3 for making false statements of fact or law to the court, by the end of the day on Friday, **November 7, 2025**. Fed. R. Civ. P. 11(b); LR83.21(B), MDGa; Ga. Rules of Pro.

4

Conduct R. 3.3 (2025). Said counsel is **ORDERED** to append to his filings copies of each allegedly fabricated legal authority;[2] if he cannot provide such copies, counsel is further **ORDERED** to submit sworn declarations that provide a thorough explanation for how the motion and allegedly fabricated cases and holdings were generated, and his role in drafting or supervising the motion.

But Plaintiff's counsel aren't alone in potential ethics violations. Looking to the other side, counsel for Defendants Lisa Pence and P4 Biologix failed to cite Integrity's operative response to their motion to dismiss [Doc. 37] when they accused Plaintiff's counsel of using hallucinated citations. *See, e.g.*, [Doc. 40, p. 4]. As we all know, "an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment." *Knezevich v. Ptomey*, 761 Fed. App'x 904, 906 (11th Cir. 2019) (internal citation omitted). Counsel for P4 Biologix and Lisa Pence told the Court that the problem citations were in docket entry 36, but didn't bother to tell the Court that Integrity had amended that response and deleted one of the problem cites—the citation to "*Bliss*, 279 Ga. App. at 807[.]" [Doc. 40, p. 9]; *compare* [Doc. 36, p. 19], [Doc. 37, p. 19]. And, defense counsel cited docket entry 36 even though they asked for and received an extension to file their reply after Integrity filed its amended response. [Doc. 39]. While

---

[2] The Court recognizes that the citation to "Bliss, 279 Ga. App." is not within one of Integrity's operative responses but instead is in its pre-amended response to P4 Biologix and Lisa Pence's motion to dismiss. *Compare* [Doc. 36, p. 19], [Doc. 37, p. 19]. However, for the sake of full disclosure and candor, the Court requires Integrity's counsel to append all allegedly fabricated legal authority, including the "Bliss" cite.

the court understands counsel's desire to point out Integrity's allegedly hallucinated cases, counsel could have done so through Integrity's operative response. Should the Court just chalk that up to sloppiness? Maybe. But when one side accuses the other of misleading the Court, it should take great care that its own proverbial house is in the finest order. And, here, Defendants P4 Biologix and Lisa Pence didn't even reply to the right response. They should be prepared to explain how this happened to the Court as well.

Therefore, all counsel who filed an entry of appearance or whose name appears on any pleading in the case are **ORDERED** to appear at a show cause hearing on **November 18, 2025**. *See* Fed. R. Civ. P. 11(c)(3). This hearing will occur simultaneously with the hearing on Defendants' motions to dismiss. If a party resides in the state of Georgia, he or she will appear in person and corporate residents of Georgia will send a corporate representative. For the parties who reside outside of Georgia, those parties (or corporate representatives) may appear in person or via Zoom. Corporate entities must send representatives who have sufficient authority to bind their corporations and any corporate representative that had any role in the submission of the pleadings in this case, including approving the pleadings.

**SO ORDERED**, this 4th day of November, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

6