# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **MEDICAL BUYER'S GROUP, LLC d/b/a INTEGRITY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CANDICE PENCE and P4 BIOLOGIX, LLC,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:25-cv-00105-TES** |
| **In re: Jason Gordon, Esq.**<br>**Attorney for Plaintiff** | (Ancillary proceeding on<br>Rule 11 violation) |

# ORDER

On November 18, 2025, Plaintiff's counsel, Jason Gordon, appeared before the Court for an evidentiary hearing to show cause why he should not be found in violation of Federal Rule of Civil Procedure 11(b) in this case and, if so, whether sanctions should be imposed. *See* Fed. R. Civ. P. 11(c)(1). Prior to the hearing, Mr. Gordon filed a Response to the Court's Order to Show Cause. [Doc. 44]. After considering his Response and all relevant matters of record, the Court concludes that Mr. Gordon violated Rule 11(b)(2). Therefore, sanctions are warranted for the reasons set forth herein.

**RULE 11 VIOLATION**

Rule 11 of the Federal Rules of Civil Procedure provides, in relevant part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
. . .
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . .

Fed. R. Civ. P. 11(b)(2).

In response to Defendants' motions to dismiss, Mr. Gordon filed two briefs on behalf of his client which contained several flawed case citations. [Doc. 34]; [Doc. 37]. Specifically, Mr. Gordon cited several cases that do not exist, and one case that does not support the proposition for which he cited it. *See* [Doc. 43, p. 3]. In his response to the Court's Order to Show Cause, Mr. Gordon admitted to using Artificial Intelligence ("AI") to draft the briefs and failing to catch the AI's made-up citations. [Doc. 44-1, pp. 3–4]. The Court concludes that Mr. Gordon clearly violated Rule 11(b)(2) by presenting pleadings to it containing citations to legal authority that either did not exist or did not support the proposition for which they were cited.

With that said, the Court wishes to publicly acknowledge Mr. Gordon's candor in reaction to being confronted with his errors. Rather than hiding his mistakes or

making excuses, Mr. Gordon took sole responsibility for his actions[1], and he was completely open about his process in drafting the problematic briefs. [Doc. 44-1, pp. 4–11]. He then immediately took the necessary steps to remove the problematic citations. [Doc. 46]; [Doc. 47]. Mr. Gordon then went a step further and took preemptive steps outside of the courtroom to amend his mistakes. [Doc. 44, pp. 11–12]. He informed his client of his error, requested the amount of attorney's fees incurred by opposing counsel, verified all his remaining citations, changed the procedures for his law firm regarding AI, and even completed a continuing education course on avoiding "Common AI Mistakes." [*Id.*]; [Doc. 44-4]; [Doc. 44-5]. He took each of these corrective actions before the hearing.

This Court has previously stated both in this case and others that when a court makes an error, the court is "at its best when it acknowledges its mistake, owns it without excuses, and then fixes it." [Doc. 43, p. 2]. The same is true for attorneys. Mr. Gordon has done that here.

## SANCTIONS

Nevertheless, Mr. Gordon did violate Rule 11(b)(2). Therefore, sanctions for the above-referenced conduct are hereby **ORDERED** as follows:

---

[1] The Court finds little worse than a lawyer who doesn't remember it's their name on the bottom line – not a judicial assistant, paralegal, lower-level associate or anyone else who supposedly messed up. And, the Court reminds all litigants that if you are the lead attorney, you're responsible – no excuses. Here, Mr. Gordon rightfully shouldered the blame and bore the consequences.

- The Court publicly admonishes Mr. Gordon for submitting hallucinated and false case citations to the Court without properly authenticating them.

- Within 14 days, Defendants may submit motions to recoup their reasonable attorney's fees for having to research and respond to non-existent case citations and holdings. Mr. Gordon shall then have 14 days to respond. There will be no replies.

Other than attorney's fees, there will be no other monetary sanctions in this case.

Failure to abide by these terms shall be punishable by contempt.

**SO ORDERED**, this 18th day of November, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
