IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MEDICAL BUYERS GROUP LLC d/b/a INTEGRITY**,<br><br>*Plaintiff*,<br><br>v.<br><br>**CANDICE PENCE**, *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:25-cv-00105-TES** |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Medical Buyer's Group, LLC d/b/a Integrity's ("Integrity") Motion For Reconsideration of Dismissal of Count 5 (Breach of Fiduciary Duty of Loyalty). [Doc. 63]. On June 26, 2025, Integrity filed a complaint containing nine counts against Defendants Candice Pence, P4 Biologix LLC, and Lisa Kay Pence. [Doc. 1]. Slightly over two months later, on September 2, 2025, Integrity amended its complaint. [Doc. 26]. Candice Pence filed a Motion to Dismiss First Amended Complaint [Doc. 30], which was shortly followed by Lisa Kay Pence's Motion to Dismiss. [Doc. 31]. The Court granted in part Candice Pence's Motion to Dismiss and granted in full Lisa Kay Pence's Motion to Dismiss on December 16, 2025. [Doc. 58]. More than 14 days after the entry of this Court's Order, Integrity filed a Motion for Reconsideration of Dismissal of Count 5 (Breach of Fiduciary Duty of Loyalty). [Doc.

63]. In it, Integrity only asks the Court to reconsider the dismissal of Count 5. [*Id.* at p. 1]. For reasons set forth below, under Local Rule 7.6, Integrity's Motion for Reconsideration is untimely and must be **DENIED**. LR 7.6, M.D.Ga.

Integrity argues that reconsideration is warranted under Federal Rule of Civil Procedure 59(e) and this Court's Local Rule 7.6. Fed. R. Civ. P. 59(e); LR 7.6, M.D.Ga. Rule 59(e) authorizes a motion to alter or amend a *judgment* after its entry, and reconsideration is only proper if the movant can demonstrate that: (1) there has been an intervening change in the law, (2) new evidence new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *See* Fed. R. Civ. P. 59(e); *see also Bell*, 2007 WL 4142605, at *2.

In the case at hand, Integrity moves this court to reconsider its order dismissing Count 5 under Rule 59(e). However, the term "judgment" as used in Rule 59(e) "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Further, Rule 54(b) explains that,

> "[w]hen an action presents more than one claim for relief…or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Fed. R. Civ. P. 54(b).

Here, the Court never entered judgment on Count 5. *See* [Doc. 58]. Likewise, the order "adjudicates fewer than all the claims . . . of fewer than all the parties." Fed. R. Civ. P. 54(b). As such, the Order Granting Defendants' Motions to Dismiss in Part does not effectuate a valid, final judgment but rather functions as an interlocutory order. *See Cisney v. Johnson*, No. 2:18-CV-01148-MHH, 2022 WL 2533380, at *1 (N.D. Ala. July 7, 2022).

Federal courts hold that motions made for reconsideration of interlocutory orders do not fall within the Federal Rules. *Id.* Instead, these motions are adjudicated by the "inherent power of the rendering district court to afford such relief from interlocutory judgments . . . as justice requires." *Dow Chemical, USA v. Consumer Product Safety Commission*, 464 F. Supp. 904, 906 (W.D. La. 1979); *see also* Fed. R. Civ. P. 60 Advisory Committee Notes, 1946 Amendment, Subdivision (b); *Cisney*, 2022 WL 2533380, at *1. Therefore, Integrity's argument that Rule 59(e) is the proper Rule to apply to reconsider interlocutory orders is contrary to established caselaw and must fail.

In addition to relying on Rule 59(e), Integrity states that "[r]econsideration is warranted under Local Rule 7.6 . . . ." [Doc. 63, p. 2]. Local Rule 7.6 states, "Motions for Reconsideration shall not be filed as a matter of routine practice. With the exception of motions filed pursuant to Fed. R. Civ. P 59(e), motions for reconsideration shall be filed

within fourteen (14) days after entry of the order." LR 7.6, M.D.Ga. As explained above, Rule 59(e) is not the proper Rule for examining the interlocutory issue at order. In turn, any portion of Integrity's Motion for Reconsideration not relying on Rule 59(e) does not fall within the filing exception and was required to be filed within the fourteen (14) day window.

The interlocutory order at issue was filed on December 16, 2025. *See* [Doc. 58]. Integrity's Motion for Reconsideration was filed on January 11, 2026. *See* [Doc. 63]. Integrity's Motion for Reconsideration was filed more than fourteen (14) days after the interlocutory order was entered. Therefore, that portion of Integrity's Motion for Reconsideration that relied on Local Rule 7.6 was filed too late and must be **DENIED**.

**SO ORDERED**, this 15th day of January, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**